OPINION
{¶ 1} Defendant-appellant Donta Cabiness appeals the December 27, 2002 Judgment Entry of the Licking County Court of Common Pleas, which sentenced him on his conviction of one count of possession of crack cocaine. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 4, 2001, the Newark Police Department received a complaint from a local resident. Officer Lewis was dispatched to the scene. While there, Officer Lewis saw two individuals who matched, generally, the description provided in the complaint. Only a small amount of street lighting illuminated the area. The suspects were standing on the sidewalk to the right of the police cruiser. Officer Lewis claimed he shone his spotlight, which is mounted on the driver's side of his cruiser, on the suspects. Officer Lewis told the suspects of the complaint. One suspect turned and walked away from the officer; the other suspect stayed near the police cruiser. While securing the individual who stayed by the police cruiser, Officer Lewis watched the other suspect walk to a chain link fence toward a residence and observed him drop a "baggie" over the fence and into the yard. After backup arrived at the scene, Officer Lewis approached the second residence. Officer Lewis asked the woman who answered the door if he could speak to the individual who just entered the home. Appellant came to the door and was secured by Officer Lewis. When asked about how he could identify appellant as the individual who dropped the baggie, Officer Lewis testified he recognized appellant by his clothes. At the time of trial, Officer Lewis was unable to remember the kind of clothing appellant had been wearing.
 {¶ 3} Officer Lewis subsequently retrieved the baggie from the yard. After lab analysis, the police determined the baggie contained crack cocaine. At trial, Officer Lewis testified he does not routinely dust baggies for fingerprints, especially when he witnesses an individual remove a baggie from his or her person and discard it.
 {¶ 4} When questioned about his identification of appellant as the man he encountered on the street, Officer Lewis was unable to provide details, other than the fact he remembered appellant's clothing at the time he identified appellant. Officer Lewis admitted his identification was based solely on the clothing match, and that he did not see appellant's facial features when he saw appellant on the street. The parties stipulated the baggie recovered contained 1.3 grams of crack cocaine, and that the baggie itself was never dusted for fingerprints.
 {¶ 5} On August 9, 2001, appellant was indicted on one count of possession of crack cocaine, in violation of R.C. 2925.11(A)(C)(4)(b). At his August 13, 2001 arraignment, appellant plead not guilty to the charge.
 {¶ 6} The matter proceeded to a jury trial on December 19, 2002. After hearing all the evidence and deliberations, the jury returned a guilty finding on the sole count of the indictment. In a December 27, 2002 Judgment Entry, the trial court sentenced appellant to sixteen months in prison.
 {¶ 7} It is from this judgment entry appellant prosecutes this appeal, raising the following error for our review:
 {¶ 8} "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN FINDING THE DEFENDANT-APPELLANT GUILTY OF POSSESSION OF COCAINE AS THE CONVICTION OF THE DEFENDANT-APPELLANT IS NOT SUPPORTED BY CREDIBLE EVIDENCE SUFFICIENT TO SUSTAIN OR WARRANT THE SAME."
 I {¶ 9} In his sole assignment of error, appellant contends the evidence presented against him was insufficient to sustain a conviction entered by the trial court. We disagree.
 {¶ 10} In State v. Jenks (1981), 61 Ohio St.3d 259, 574 N.E.2d 492, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: AAn appellate court=s function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant=s guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id. at paragraph two of the syllabus.
 {¶ 11} When applying the aforementioned standard of review to the case sub judice, based upon the facts noted supra, we do not find, as a matter of law, appellant=s conviction was based upon insufficient evidence.
 {¶ 12} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine Awhether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541 citing State v.Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass
(1967), 10 Ohio St.2d 230, syllabus 1, 227 N.E.2d 212.
 {¶ 13} Specifically at issue in this appeal is Officer Lewis' identification of appellant as the individual he encountered on the street. The parties agreed Officer Lewis' identification was based not upon appellant's facial features, but rather upon appellant's clothing. We find the identification was sufficient given the circumstances of the arrest. Officer Lewis used the cruiser spotlight to illuminate appellant and the second suspect. Even though Officer Lewis asked appellant to stay, appellant turned and walked away. Officer Lewis watched appellant walk a short distance, into a house. When he subsequently asked the woman who answered the door at the house if he could speak to the individual who just entered the house, appellant appeared at the door. Officer Lewis recognized appellant's clothes at that time. Based upon these facts, we find Officer Lewis' identification of appellant was sufficient for the jury to conclude he was the individual who dropped the baggie of cocaine.
 {¶ 14} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 15} The December 27, 2002 Judgment Entry of the Licking County Court of Common Pleas is affirmed.
By: Hoffman, P.J., Edwards, J. and Boggins, J. concur.